*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TRUGREEN LIMITED PARTNERSHIP,

      Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,

      Defendant-Appellee.

FOR PUBLICATION
July 29, 2021

No. 344142
Court of Claims
LC No. 17-000141-MT

ON REMAND

Before: SHAPIRO, P.J., and GLEICHER and SWARTZLE, JJ.

SWARTZLE, J. (*dissenting*).

*—A rule written broadly should be understood to be a broad rule—*

There is no question that the Legislature chose broad language—"things of the soil"—when it enacted the use-tax exemption here. MCL 205.94(1)(f). The majority read this broad language narrowly in its original opinion, *TruGreen Ltd Partnership v Dep't of Treasury*, 332 Mich App 73; 955 NW2d 529 (2020), and now after our Supreme Court vacated that opinion, *TruGreen Ltd Partnership v Dep't of Treasury*, __ Mich __; 959 NW2d 177 (2021), the majority continues to read it narrowly on remand. But in my opinion, it is a grave mistake to avoid the plain, ordinary meaning of a statute based on the notion that the Legislature simply must have meant something other than what it actually said—the majority's "holistic," "communal," "organic" approach to statutory interpretation notwithstanding.

By my count, the majority violated at least eight principles of statutory interpretation in its original opinion:

    i.    fair-reading approach;

    ii.    preference for the ordinary semantic meaning of words;

    iii.    proper use of a dictionary;

    iv.     proper analysis of context, including grammatical structure;

    v.     proper use of statutory history;

    vi.     *expressio unius est exclusio alterius*;

    vii.     avoidance of false equivalency; and

    viii.     use of the strict-construction canon only as a last resort.

Having now excised its references to the strict-construction canon, the majority violates only the first seven of these principles in its opinion on remand.

Accordingly, I now respectfully dissent for 7/8 of the reasons I did in my original dissenting opinion. See *TruGreen*, 332 Mich App at 96-119 (SWARTZLE, J., dissenting).

/s/ Brock A. Swartzle